**No Given Name MEGAWATI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 08–6127–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2009.

Theordore N. Cox, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

No Given Name Megawati, a native and citizen of Indonesia, seeks review of a No-

vember 28, 2008, order of the BIA affirming the November 10, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re No Given Name Megawati,* No. A099 697 141 (B.I.A. Nov. 28, 2008), *aff'g* No. A099 697 141 (Immig. Ct. N.Y. City Nov. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review questions of law and the application of law to undisputed facts *de novo. Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).[1]

In the absence of past persecution, an applicant may establish eligibility for asylum based on a well-founded fear of future persecution by showing that she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). Furthermore, an applicant is not required to demonstrate that she would be individually singled out for persecution if she can demonstrate a pattern or practice of persecution of a group of persons similarly situated to her on account of a protected ground and her own inclusion in or identification with that group. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *See*

*also Mufied v. Mukasey,* 508 F.3d 88, 91 (2d Cir.2007). Megawati argues that, contrary to the agency's findings, she has established a well-founded fear of future persecution in Indonesia based on a pattern or practice in that country of persecution of ethnic Chinese and Christians.

Megawati points to news articles documenting various instances of religious and ethnic violence as well as the 2007 Department of State Report on International Religious Freedom asserting that such evidence demonstrates a "systemic, pervasive, and organized attack upon Chinese Christians [that] . . . the government is unable or unwilling to effectively control. . . ." This argument fails, as we have previously upheld the agency's finding that no such pattern or practice of persecution exists in Indonesia, noting that Roman Catholicism is predominant in certain areas of that country. *See Santoso v. Holder,* 580 F.3d 110, 112 (2d Cir.2009). Moreover, the BIA and other circuit courts who have considered the issue have also found that no pattern or practice of persecution of Chinese Christians exists in Indonesia. *See, e.g., Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007); *In re A–M–,* 23 I. & N. Dec. 737, 741 (B.I.A.2005).

Here, the agency reasonably based its determination that Megawati failed to establish a pattern or practice in Indonesia on evidence in the record indicating that: (1) religious and ethnic violence has substantially abated; (2) the Indonesian government generally respects religious freedom and encourages religious harmony and ethnic tolerance; and (3) Megawati lived in Indonesia for many years without

1. The asylum application at issue in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir.2008).

suffering harm and that her children and mother continued to live there unharmed. *See Santoso,* 580 F.3d at 112–13 (upholding the agency's finding of no pattern or practice of persecution where it is sufficiently supported by the background materials); *See also Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

Thus, the agency's denial of Megawati's application for asylum was reasonable. Because Megawati based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *See also Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).